UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CAROLYN CASTERLINE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00150 |
| | § | |
| ONEWEST BANK, F.S.B., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING MEMORANDUM AND RECOMMENDATION AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant OneWest Bank's (OneWest's) Motion for Summary Judgment (D.E. 7). On October 10, 2012, United States Magistrate Judge Brian L. Owsley filed a Memorandum and Recommendation on Defendant's Motion for Summary Judgment (D.E. 12). On October 24, 2012, Plaintiff Carolyn Casterline (Casterline) timely filed her objections to the Magistrate Judge's Memorandum and Recommendation (D.E. 13), to which OneWest responded (D.E. 16). For the reasons set forth below, Casterline's objections are OVERRULED. The Magistrate Judge's Memorandum and Recommendation (D.E. 12) is ADOPTED. OneWest's Motion for Summary Judgment (D.E. 7) is GRANTED.

Casterline's objections to the Memorandum and Recommendation involve numerous arguments regarding OneWest's authority to foreclose a lien on her home. In her conclusion, she sums up her objections as follows: "The issue is simply that [OneWest] has failed to meet its burden to show that it is the owner or holder of the Note." D.E. 13, p. 20.

More specifically, she states her objections as: (1) the holder of the note and the holder of the security instrument must be demonstrated by movant to be one and the same; (2) the FDIC's website does not conclusively establish the transfer of the note and it is improper to take judicial notice of that fact by use of the website; and (3) the January 4, 2011 assignment of the mortgage from IndyMac to OneWest purportedly assigned the right to foreclose the lien but did not assign or transfer the note to OneWest and the severance of the two obligations nullifies the lien. In the course of her briefing, she also complains of the evidentiary effect of the note's allonge. Each of Casterline's concerns are addressed below.

### A. OneWest is not required to be a holder or owner of the note in order to foreclose.

As observed by *Kan v. OneWest Bank, FSB*, 823 F.Supp.2d 464 (W.D. Tex. 2011) and this Court in *Hazzard v. Bank of America, N.A.*, No. C-12-127, 2012 WL 2339313, at *2 (S.D. Tex. June 19, 2012):

> The current statutory procedure for a deed of trust foreclosure does not require mortgage servicers to produce or hold the note. The mortgage servicer need only provide notice of default, with an opportunity to cure, and notice of the actual foreclosure sale. *See* Tex. Prop. Code Ann. § 51.002(b), (d) (West 2010). Production of the original promissory note is not necessary. *Crear v. JP Morgan Chase Bank, N.A.*, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. Mar. 28, 2011) (unpublished, *per curiam*).

*Kan, supra* at 470. Casterline's objection as stated—that there must be an identity between owner and mortgage servicer—is OVERRULED. Any complaint that OneWest as mortgage servicer must produce the note is OVERRULED.

However, reading Casterline's objection broadly and in context with her other objections, the issue is not whether OneWest must own both the note and security instrument. Rather, the problem she has identified is whether OneWest has demonstrated that, as the entity handling the foreclosure, it is properly authorized by the owner or holder of the note (which happens to be itself). While the questions are essentially two sides of the same coin, the analytical distinction is important for the consistency of our jurisprudence.

The *Kan* court noted that mortgage servicers only have the power to foreclose if they are authorized to do so by agreement with the mortgagee. *Id*. (citing Tex. Prop. Code Ann. § 51.0025). In order to be authorized by the mortgagee, the mortgage servicer must be able to demonstrate that its relationship is with the genuine note holder or owner. This requirement guards against the risk that proceeds of the foreclosure sale will be misapplied and not credited to the debtor's debt.

In this case, the mortgage servicer and the alleged mortgagee are one and the same. Thus the question is whether OneWest's claim is true: that it is, in fact, the mortgagee with power to authorize the foreclosure. This evidentiary issue is addressed in Casterline's other objections to the Memorandum and Recommendation and are discussed below.

### B. OneWest owns the note.

OneWest traces its ownership of the note from the original payee, IndyMac, through the FDIC. *See* Affidavit of Rebecca Marks, D.E. 7-1. It is undisputed that IndyMac was placed in receivership on July 11, 2008 and substantially all of its assets

were thereafter administered by the FDIC and eventually sold to OneWest. OneWest then relies on an allonge, which bears no date, to evidence the transfer of the specific note from the FDIC as receiver to OneWest. D.E. 7-2, pp. 5-6. Rebecca Marks, in her affidavit on behalf of OneWest specifically asserts that OneWest owns and holds the original note.[1]  D.E. 7-1, pp. 1-2.

### 1. Judicial Notice of the FDIC website is proper.

Casterline objects to the use of the FDIC website to establish that the note was transferred from IndyMac to the FDIC conservatorship. She claims that the website is not a proper subject for judicial notice and does not conclusively prove the specific transfer at issue. In particular, Casterline suggests that the website's reference to the FDIC taking over "substantially all" of IndyMac's assets means that it is possible that the subject note was not included in those administered assets and there is thus an unexplained gap in OneWest's title to the note.

First, this Court recognizes that governmental websites are proper sources for judicial notice, as set out in the Memorandum and Recommendation. Any objection on that basis to the information regarding the FDIC takeover of IndyMac and sale to OneWest is OVERRULED. Second, while Casterline claims "a number of unexplained gaps in the Note's chain of title," there is no "unexplained gap." D.E. 13, p. 13. If there is a gap, it is explained by the FDIC receivership.

---

[1] Casterline challenges Ms. Marks' assertion that OneWest "has remained the holder and servicer of the Note from March 19, 2009 until present" because the assertion with respect to the date is not supported by the attachments to the affidavit. Ms. Marks specifically attests that she has access to all of the OneWest records for servicing loans. D.E. 7-1, p. 1. Based on "these records," she attests as to the date. Her attestation is not limited to what can be gleaned from the attached documents. Without any competent evidence to contradict the affidavit, the Court overrules any objection to the affidavit's proof of the date of OneWest's status as holder and servicer of the Note.

The suggestion that "substantially all" of the assets does not mean "all, including the Casterline note," elevates semantics over evidence. There is no disputed issue of material fact when one acknowledges five evidentiary facts:

> (1) IndyMac indorsed the note in blank, thus relinquishing its ownership. D.E. 7-2, p. 4.
>
> (2) "Substantially all" of the IndyMac assets were taken into receivership by the FDIC and sold to OneWest. *See* the FDIC website page for IndyMac.
>
> (3) The FDIC signed an allonge, which is specific to the subject note, transferring it to OneWest. D.E. 7-2, p. 6.
>
> (4) The other allonge, signed by OneWest, is signed in blank, making the possessor the owner. D.E. 7-1, p. 5.
>
> (5) OneWest possesses the original note. D.E. 7-1, pp. 1-2.

The evidence supports a finding that the subject note was included with "substantially all" of the assets delivered to the FDIC and was specifically indorsed over to OneWest, which now possesses the note.

Casterline's reliance on *Jernigan v. Bank One, Texas, N.A.*, 803 S.W.2d 774, 777 (Tex. App.–Houston [14th Dist.] 1991, no writ) is misplaced. In that case, there was internally inconsistent evidence that converted the assertions of the affidavit into unsupported allegations. Here, there is no such inconsistent evidence and Casterline has failed to offer any expressly controverting evidence.

Casterline offers no alternative explanation for what happened to the note. Nothing in the summary judgment standard of review requires this Court to indulge in speculation regarding abstract possibilities in order to manufacture a fact question when there is no evidence to support a ***genuinely disputed*** issue of fact. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).

### 2. The allonge is probative evidence.

Along with Casterline's claim—that she demonstrated fact issues in the chain of title—is the assertion that the allonge was not "properly executed" or "adequately affixed" to the note. D.E. 13, p. 14. She first suggests that the use of an allonge will always generate a fact issue because it is inherently questionable whether any paper is "so firmly affixed to the instrument as to become a part thereof . . . ." For that proposition, she cites *Estrada v. River Oaks Bank & Trust Co.*, 550 S.W.2d 719, 728 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The court in *Estrada* bemoaned the use of allonges, preferring that transfers be indorsed on the instrument itself rather than being on a separate paper affixed thereto. But it did not prevent the claimant from recovering on the basis of an allonge. *Id*.

The use of an allonge, without more, does not create an automatic fact issue. The Texas Supreme Court has held that stapling an allonge to a note satisfies the "so firmly affixed thereto as to become a part thereof" requirement. *Southwestern Resolution Corp. v. Watson*, 964 S.W.2d 262, 264 (Tex. 1997).

> The attachment requirement has been said to serve two purposes: preventing fraud and preserving the chain of title to an instrument. *Adams* [*v. Madison Realty & Dev., Inc.,* 853 F.2d 163 (3rd Cir. 1988)], at 167. Still, the requirement has been relaxed in the current code from "firmly affixed" to simply "affixed." Tex. Bus. & Com.Code § 3.204(a). As the Commercial Code Committee of the Section of Business Law of the State Bar of Texas concluded in recommending adoption of the provision, "the efficiencies and benefits achieved by permitting indorsements by allonge outweigh[ ] the possible problems raised by easily detachable allonges." Daryl B. Robertson, *Report of the Commercial Code Committee of the Section of Business Law of the State Bar of Texas on Revised UCC Articles 3 and 4*, 47 BAYLOR L.REV. 427, 459 (1995).

*Southwestern Resolution Corp., supra.* Here, the allonges specifically reference the loan number, the original loan amount, the date of the note, and the borrower's last name and address. D.E. 7-2, pp. 5-6. This information makes abundantly clear that the allonges belong with this note. Furthermore, there is no summary judgment evidence that the allonges are not properly affixed to the note. That they may not have been copied along with the note in past proceedings is not evidence that they are not proper or affixed. Casterline's objection to the Memorandum and Recommendation on the basis that there is a fact question as to the propriety of the allonges is OVERRULED.

Casterline considers it suspicious that the allonges were not submitted along with the notes in previous foreclosure applications. While advancing no nefarious theory as to why the allonges were previously omitted, Casterline states that she would like to conduct discovery regarding the "purported execution of these documents." D.E. 13, p. 15. This action was removed to this Court on May 11, 2012. January 31, 2013 is the discovery deadline. Casterline has had over seven months to conduct discovery. Under

Fed. R. Civ. P. 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the court may issue any appropriate order, including deferring or denying the motion. Casterline did not file an affidavit or declaration compliant with this rule in her Response to the Motion for Summary Judgment (D.E. 9), in her Objections to the Memorandum and Recommendation (D.E. 13), or at any time in between. The request to defer or deny the motion in favor of discovery is DENIED.

Casterline's objection that there is an unexplained gap in OneWest's title to the note is OVERRULED.

### C. The January 4, 2011 assignment of the mortgage from IndyMac to OneWest did not sever the note from the security instrument thus nullifying the lien.

After stating this objection, Casterline fails to supply this Court with any briefing to support it. The Court presumes that Casterline is relying on such authorities as the holding that, "The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." *Carpenter v. Longan*, 83 U.S. 271, 274 (1872); *see also Windham v. Citizens Bank*, 105 S.W.2d 348, 350 (Tex. Civ. App.—Austin 1937, writ dism'd w.o.j.) ("an assignment of the interest of a mortgage however, without an assignment of the debt is considered without meaning or use").

As discussed above, OneWest has demonstrated that it owns the right to enforce the note as well as the security instrument. So the only question presented is whether, by way of technicality, any transfer of the respective documents that is out of sync renders

the security instrument and its lien a permanent nullity. With no fact, law, or policy to create such a technical trap in favor of Casterline, the Court declines to do so. OneWest has demonstrated that it is fully authorized to foreclose its lien.

### D. Conclusion

Plaintiff is entitled to a *de novo* disposition of those portions of the Magistrate Judge's memorandum and recommendation to which timely objections were raised. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Where no objections to the Magistrate Judge's memorandum and recommendation are raised, the district court need only satisfy itself that there is no clear error on the face of the record and accept the Magistrate Judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

For the reasons stated above, the Court OVERRULES Casterline's objections and adopts the Memorandum and Recommendation (D.E. 12) as its own as supplemented herein. The Court GRANTS the Defendant's Motion for Summary Judgment (D.E. 7) and Casterline's claims in this action are DISMISSED.

ORDERED this 19th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE